**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------------- X
ALEXANDER SMITH,

        Plaintiff,

   -against-

CITY OF ATLANTIC CITY; SCOTT EVANS, as Chief of the Atlantic City Fire Department; and THOMAS J. CULLENY JR., Deputy Chief of the Atlantic City Fire Department,

        Defendants.

---------------------------------------------------------------------- X

No.

**COMPLAINT**

**Demand for Trial by Jury**

Plaintiff Alexander Smith, as and for his complaint, by his attorneys Beldock Levine & Hoffman LLP, alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action to remedy the discriminatory and unconstitutional treatment of Alexander Smith, an African-American devout Christian who wears a three-inch beard as an expression of his sincerely held religious beliefs. Mr. Smith has been an Air Mask Technician for the Atlantic City Fire Department ("ACFD") since 2015. His job duties consist of maintaining all Self-Contained Breathing Apparatuses and Air Cylinders ("SCBA") used by firefighters, repairing SCBA masks and air pieces, and refilling SCBA air bottles. Mr. Smith's employment with the ACFD does not require him to use SCBAs or facial masks of any kind.

2. In fact, because Mr. Smith is the technician who handles the tests, Mr. Smith could not wear a mask because he has not been fit-tested since 2016.

3. The ACFD has a written policy prohibiting beards of any length. The purported reason for the policy is to ensure that all members of service are able to don protective masks that seal to the face. The policy provides for an exception to this rule where members are "called

1

in on an emergency call-back" instructing that such members "shall not be required to shave prior to arrival at the station or fire scene." (ACFD Operations Order # 0303).

4. On January 3, 2019, Mr. Smith made a formal request to his supervisors at the ACFD for an accommodation to wear his beard because of his religious beliefs and convictions. Mr. Smith provided religious letters and scriptural support for his request and explained that he no longer wears the mask that forms the basis of the security concern. On February 15, 2019, Mr. Smith's religious accommodation request was denied because of purported "overwhelming safety concerns" for Mr. Smith and his fellow firefighters. Mr. Smith was informed that, if he did not appear for work clean shaven, he would be immediately suspended without pay and face termination.

5. Defendants' denial of Mr. Smith's accommodation based on his sincerely held religious beliefs is arbitrary, capricious, and contrary to law. Indeed, the Third Circuit Court of Appeals, in an opinion written by then-Court of Appeals Judge Samuel Alito in 1999, clearly delineated the right for reasonable accommodation for this exact circumstance. (*See* Fraternal Order of Newark Lodge No. 12, 170 F.3d 359 (3d Cir. 1999) attached hereto as Exhibit 1.) Even the U.S. armed forces have revised their grooming policies to provide for religious accommodations in these circumstances. (*See* Exhibit 2.)

6. Mr. Smith faces irreparable injury if he is suspended without pay for expressing his sincerely held religious beliefs. Accordingly, Mr. Smith seeks, *inter alia*, an injunction enjoining the ACFD from any adverse employment actions against him; an award of compensatory and punitive damage in an amount to be determined at trial; an award of attorneys' fees and costs; and such other relief as this Court deems just and equitable.

## JURISDICTION

7. Jurisdiction is conferred on this Court under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

8. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

9. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law claims.

## VENUE

10. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1) and (2), as at least one of the defendants resides in this district and the acts alleged herein were committed within this district.

## PARTIES

11. At all times relevant hereto, Plaintiff ALEXANDER SMITH is an African-American Christian man. He was, and remains, a resident of the State of New Jersey, County of Atlantic, and a citizen of the United States.

12. Defendant CITY OF ATLANTIC CITY ("the CITY") is a municipal entity created and authorized under the laws of the State of New Jersey. The City is authorized by law to maintain a fire department and does maintain the ACFD, which acts as its agent in the area of, *inter alia*, fire protection. The CITY assumes the risks incidental to the maintenance of the ACFD and the employment of fire department employees.

13. Defendant SCOTT EVANS is the Chief of the ACFD. He is sued in his individual and official capacity.

14. Defendant THOMAS J. CULLENY JR. is the Deputy Chief of the ACFD and Plaintiff's direct supervisor. He is sued in his individual and official capacity.

15. At all times relevant herein, Defendants EVANS and CULLENY have acted under color of law, and within their authority as employees, officers, and/or agents of the ACFD and/or the CITY.

## STATEMENT OF FACTS

**Grooming Requirements in the Atlantic City Fire Department**

16. ACFD Operational Guideline Number 0303, which was first made effective in January 1979 and was revised on January 23, 2018, requires that:

> 5. Members shall be clean shaven while on duty. . . .
>
> 6. ….[b]eards and goatees of any type are specifically prohibited. In no case shall facial hair, including stubble, inhibit the seal of the air mask's face piece. Facial hair of any type shall not interfere with the seal of SCBA face piece. No hair is permitted below the lip." (Smith Aff. at Ex. 1.)

17. The SCBA refers to Self-Contained Breathing Apparatuses and Air Cylinders which are required respiratory equipment for all "firefighters" on "suppression" duty, *i.e.*, those firefighters who are engaged in search and rescue or extinguishing fires.

18. The Guidelines provide only one exception to the no-beard requirement: "those persons called in on an emergency call-back shall not be required to shave prior to arrival at the station or fire scene."

19. Thus, in an emergency, members do not need to be clean shaven in order to respond.

20. The ACFD does not provide a policy for requesting a religious or medical accommodation.

4

**Mr. Smith's Religious Beliefs and the ACFD's Failure to Provide a Reasonable Accommodation**

21. Mr. Smith is African-American who became a born-again Christin in 1996.

22. In 2000, he was ordained as a minister.

23. Mr. Smith joined the ACFD on February 22, 2004, just over 15 years ago.

24. He initially joined the ACFD as a firefighter in the Fire Suppression Unit of ACFD. In that role, he was tasked with responding to a fire in either the Engine Company—where he extinguished fires—or in a Ladder Company where he performed search and rescue.

25. In November of 2015, Mr. Smith was promoted to an administrative position at the Fire Shop, which is a part of the ACFD.

26. As part of his promotion to the Fire Shop, Mr. Smith became, and remains, an Air Mask Technician.

27. Mr. Smith's responsibilities as an Air Mask Technician are: performing repairs on SCBA masks and face pieces; refilling empty or partially empty SCBA air bottles; performing yearly fit tests on all ACFD personnel; and otherwise maintaining SCBA units used by the firefighters who respond to fires.

28. While Mr. Smith does respond to fire emergencies as an Air Mask Technician, he does so solely for the purpose of refilling SCBA air bottles; his job responsibilities do not include participation in extinguishing fires or search and rescue.

29. In the three and a half years since he has worked as Air Mask Technician, Mr. Smith has never been required to enter a burning building, use SCBAs, or wear a face mask of any kind.

30. In fact, Mr. Smith has not been fit-tested since 2016 and is therefore not authorized to don an SCBA mask.

**Mr. Smith's Request for a Religious Accommodation**

31.     Mr. Smith began growing a beard in December of 2018, because of his genuine and sincere belief that he wear a beard as an expression of his faith.

32.     On January 3, 2019, Mr. Smith e-mailed Defendant Chief Culleny, attaching a request for an accommodation "to continue to wear my beard due to my religious beliefs and convictions."

33.     On January 3, 2019 at approximately 1:30 p.m., Mr. Smith met with Anthony Swan, Solicitor for the City of Atlantic City regarding his request.

34.     Mr. Swan informed Mr. Smith that he should submit a request and provide proof as to why he would like the accommodation.

35.     On that date, Mr. Smith filled out and gave Mr. Swan a copy of an article explaining the biblical basis for his request.

36.     He also provided Mr. Swan with an EEOC publication entitled "Religious Garb and Grooming in the Workplace: Rights and Responsibilities."

37.     Mr. Smith explained that his job duties as an Air Mask Technician did not require him to wear SCBAs or air masks of any kind and that he, in fact, had never been required to wear an SCBA or air mask at any time during the three-and-a-half years he had been an Air Mask Technician.

38.     On January 7, 2019, Defendant Deputy Chief Thomas Culleny Jr. called Mr. Smith and said that Chief Scott Evans received an email from the City Solicitor's office advising them to keep Mr. Smith from responding to any fire emergencies until a decision was made regarding his requested accommodation.

39.     On January 9, 2019, Mr. Smith received a letter from Defendant Deputy Chief Culleny informing Mr. Smith that he was "in receipt of [Mr. Smith's] request for a religious accommodation pursuant to [his] January 3, 2019 correspondence." He informed Mr. Smith that he was "unable to adequately evaluate" Mr. Smith's request because "additional information" was required. Specifically, he requested "any written directive relative to your faith that requires the wearing of facial hair."

40.     On January 10, 2019, Mr. Smith provided Deputy Chief Culleny with the requested documentation regarding the basis for his religious beliefs.

41.     Mr. Smith followed up with an e-mail to Deputy Chief Culleny attaching documentation in the form of an article providing the scriptural basis for his religious beliefs. (*See* Ex. 3.)

42.     On January 23, 2019, Mr. Smith e-mailed Deputy Chief Culleny, copying Chief Evans and a number of other individuals requesting the status of his request for an accommodation and requesting information as to when he would be permitted to resume responding to fire emergencies.

43.     The next day, Mr. Smith was informed by Deputy Chief Culleny to contact Ms. Alexis Waiters in Human Resources, which Mr. Smith did.

44.     On February 4, 2019, Mr. Smith met with Ms. Waiters.

45.     Ms. Waiters directed Mr. Smith to fill out an Employee Complaint Form, which Mr. Smith did.

46.     In that Complaint, Mr. Smith explained that he had provided his request for an accommodation on January 4, 2019 together with documentation as to why he believed that he should be permitted to wear his beard based on his religious beliefs.

47. Mr. Smith also attached to the complaint two letters from two different Pastors regarding the religious basis for his beliefs. This included, a letter from Reverend Dr. Odinga Lawrence Maddox II, Pastor of the New African Methodist Episcopal Zion Church and Reverend Eric G. McCoy of the God is Reaching Out Ministries. These letters provide the scriptural basis for the belief of why Christian men are encouraged to wear beards.

48. Mr. Smith also attached the Bylaws of his Church, the Community Harvesters Church, which expresses that "[t]he growing of the beard for men is a scriptural practice that is encouraged in Community Harvesters Church. Many of the prophets in the bible wore beards. For example, David (1 Sam 21:13), Aaron (Psalms 133:2) and Jesus Christ wore beards (Is 50:6)." (Ex. 11.)

49. On February 15, 2019, Mr. Smith was called into Deputy Chief Culleny's office.

50. When he arrived, he was taken to Chief Evan's office where he was told that his request had been denied. He was also provided with a letter.

51. The letter stated that, "[d]ue to the overwhelming safety concerns for yourself as well as your fellow firefighters and the public, your request for a religious exemption is denied. As such, on your next shift you are reassigned to the shop and must report for duty clean shaven, in compliance with ACFD rules and regulations."

52. Upon information and belief, if Mr. Smith returns to work with his beard, Mr. Smith's supervisors will suspend him without pay until he is clean-shaven. Each day he arrives at work with a beard, he will be sent home and will continue to be sent home until his supervisors begin termination proceedings against him.

**Irreparable Harm**

53. Defendants' unreasonable denial of an accommodation to Mr. Smith regarding his beard is a violation of his constitutional right to express his religious beliefs.

54. The violation of Mr. Smith's constitutional right will continue each day he is pressured to shave his beard.

55. Mr. Smith is a married father of three young children ages 9, 12, and 14. His wife and children all rely on his paycheck to survive.

56. If he is disciplined or suspended without pay, Mr. Smith will default on his many financial obligations.

57. Upon information and belief, Mr. Smith will be suspended on February 26, 2019 if he does not shave his beard. He will not receive any benefits during that time.

58. If Mr. Smith is terminated, he will suffer lost wages, lost benefits, and other adverse and irreparable consequences.

## COUNT I
### (For Violations of Religious Freedoms Under the First Amendment, 42 U.S.C. § 1983, and the New Jersey Civil Rights Act and Article I, § 3 of the New Jersey State Constitution)

59. Plaintiff repeats and realleges each and every allegation made in the foregoing paragraphs as if fully set forth herein.

60. The ACFD's broad-reaching no beard policy unreasonably interferes with the religious beliefs of the Plaintiff.

61. The Defendants' conduct alleged above "targets" religious exercise and violates the federal and New Jersey State constitutional rights to the free exercise of religion.

62. No legitimate governmental interest justifies the ACFD's no-beard policy.

63. The Defendants failed to engage in the interactive process or provide him with a reasonable accommodation of his request.

64. The Defendants' policy that accommodations are only provided for emergency call-backs violates the Plaintiff's free exercise of his religion, in violation of the First Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment and Article I, Section 3 of the New Jersey State Constitution.

65. Each of the Defendants has acted with deliberate indifference to the constitutional rights of Plaintiff Smith. As a direct and proximate result of the acts and omissions of each of the Defendants, the constitutional rights of Plaintiff have been violated.

66. By acting under color of state law to deprive Plaintiff Smith of his rights under the First Amendment, the Defendants are in violation of 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

67. As a direct and proximate result, Plaintiff has suffered injuries and damages set forth above.

68. The Defendants' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

69. Plaintiff Smith has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from any adverse employment action against him.

## COUNT II
**(For Violations of Equal Protection Under the Fourteenth Amendment, 42 U.S.C. § 1983, the New Jersey Civil Rights Act and Article I, § 1, of the New Jersey State Constitution)**

70. Plaintiff repeats and realleges each and every allegation made in the foregoing paragraphs as if fully set forth herein.

71. Defendants have discriminated against Plaintiff in violation of the Fourteenth Amendment of the United States Constitution and the New Jersey Civil Rights Act and Article I, section 1 of the New Jersey State Constitution.

72. Each of the Defendants has acted with deliberate indifference to the constitutional rights of Plaintiff Smith. As a direct and proximate result of the acts and omissions of each of the Defendants, the constitutional rights of Plaintiff Smith have been violated.

73. As a direct and proximate result, Plaintiff has suffered injuries and damages set forth above.

74. The Defendants' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

75. Plaintiff Smith has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from enforcing the ACFD's no beard policy described herein.

## COUNT III
**(For Violations of Title VII of the Civil Rights Act of 1964)**

76. Plaintiff repeats and realleges each and every allegation made in the foregoing paragraphs as if fully set forth herein.

77. Plaintiff, as a devout Christian, believes that it is his religious mandate to wear a beard.

78. Defendants have discriminated against Plaintiff Smith in the following manners:

   a. Failing to provide an adequate religious accommodation that allows the growth of a reasonable length beard; and

   b. Retaliating against Plaintiff for exercising his right to practice his religion by wearing a moderate length beard.

79. As a direct and proximate result, Plaintiff has suffered injuries and damages set forth above.

80. The Defendants' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

81. Plaintiff Smith has no adequate remedy at law and will suffer serious and irreparable harm to his rights under Title VII unless Defendants are enjoined from taking any adverse employment against Plaintiff.

## COUNT IV
### (For Violations of the New Jersey Law Against Discrimination)

82. Plaintiff repeats and realleges each and every allegation made in the foregoing paragraphs as if fully set forth herein.

83. Defendants' conduct described above has discriminated against Plaintiff due to his religion.

84. Defendants have retaliated against Plaintiff as a result of the exercise of his religious beliefs.

85. As a direct and proximate result, Plaintiff has suffered injuries and damages set forth above.

86. The Defendants' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

87. Plaintiff Smith has no adequate remedy at law and will suffer serious and irreparable harm to his rights under the New Jersey Law Against Discrimination unless Defendants are enjoined from taking any adverse employment action against Plaintiff.

## JURY DEMAND

88. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a. Judgment declaring that Defendants' acts complained of herein violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution and New Jersey law;

b. Judgment declaring that Defendants' acts complained of herein violated Plaintiff's rights as secured by applicable state and local law prohibiting retaliation in employment;

c. An Order direction Defendants to expunge Plaintiff Smith's record of any wrongdoing;

d. An Order enjoining and restraining Defendants from taking any adverse employment action against Plaintiff;

e. Award Plaintiff Smith compensatory damages in in an amount that is fair, just and reasonable, to be determined at trial;

f. Award Plaintiff Smith punitive damages against the individual defendants in an amount to be determined at trial;

g. Award Plaintiff reasonable attorneys' fees and costs; and

h. Grant such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: New York, New York
       February 25, 2019

                                                  Respectfully submitted,

                                                  BELDOCK LEVINE & HOFFMAN LLP
                                                  99 Park Avenue, PH/ 26th Fl.
                                                  New York, New York 10016
                                                  (212) 490-0400

                                                  By:_____
                                                       Luna Droubi